*Bullock & Davis,* for Appellees.

---

## W. R. BRADLEY *v.* W. COLLINS et al.

**Suits in Equity — Determination — Presence of Other Parties — Infants.**

It is provided by the fortieth section of the Civil Code that "Where a determination of the controversy between the parties, before the court, cannot be made without the presence of other parties, the chancellor must order them brought in:" *Held,* That it is the duty of the court, in exercising general supervision over the rights of infants, to have them brought in as parties to the action.

APPEAL FROM HICKMAN CIRCUIT COURT.

April 23, 1867.

OPINION OF THE COURT BY JUDGE HARDIN:

According to our construction of the will of Samuel Crossland, deceased, the testator intended by the devise of the slaves, Rose, Bob, Luke, and others to "Edward Crossland and his bodily

heirs," to vest in each of the children of Edward Crossland an equal, present interest with their father in the slaves, the words " bodily heirs " being used in a sense or meaning synonymous with that of " children."

We are, therefore, of the opinion that the petition disclosed sufficient grounds for the interposition of a court of equity to enjoin the sheriff from selling the slaves.

It is insisted, however, that according to section 53 of the Civil Code, as heretofore construed by this court (Anderson v. Watson, 3 Met. 509), the action as brought in the name of appellant could not be maintained, but it should have been brought in the names of the children by a next friend, as guardian. As there was no demurrer to the petition, that question seems only to have been incidentally involved in the ruling of the court. Certainly, before dismissing the petition on this ground, considering the rights of the infants disclosed, the appellant should have been allowed to correct the irregularity by making them plaintiffs by amendment. It is provided by the fortieth section of the Civil Code that " when a determination of the controversy between the parties before the court cannot be made without the presence of other parties, the court must order them to be brought in." In our opinion, the chancellor was not only authorized by this enactment of the Code to order the infants to be made parties, but it was his duty to do so, in the exercise of his general supervision over the rights of infants, and it was erroneous to dismiss the action and dissolve the injunction without ordering this to be done.

Wherefore, the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

*Rodman,* for Appellant.

*Bullock,* for Appellees.